UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel COLLAZO,
Defendant–Appellant.

No. 88–5389.

United States Court of Appeals,
Eleventh Circuit.

Oct. 10, 1989.

---

**814**

Lee Weissenborn, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Sonia Escobio O'Donnell, Miami, Fla., for plaintiff-appellee.

Before ANDERSON and COX, Circuit Judges, and BUTLER *, District Judge.

PER CURIAM:

The defendant appeals from his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The sole issue raised on appeal is whether the trial court erred in its answer to the jury's question regarding which party has the burden of proof on the issue of entrapment. We find that the court's instruction was erroneous and, accordingly, reverse.

During the course of its deliberation the jury relayed a written question to the judge asking, "Who has the burden of proof to prove or disprove entrapment?" In response the judge stated, in part:

> You will recall from the instructions I gave you, that the government always has the burden of proof to prove the guilt of the defendant ... I would instruct you that a defendant who raises the defense of entrapment must first come forward with evidence that the government's conduct created a substantial risk that the offense would be committed by a person other that one ready to commit it. A defendant will have been

considered to have met his burden if he produces any evidence whatsoever that governmental conduct created such a risk.

The defendant contends that this instruction was erroneous and confusing because it improperly laid a question of law before the jury. Both the defendant and the government agree that whether the defendant has offered sufficient evidence to submit the defense of entrapment to the jury is a question of law for the judge. However, the government contends that this erroneous instruction was cured by the court's additional instruction that the government always has the burden of proof.

■ The Fifth Circuit has previously set forth the order and burden of proof and the division of issues between judge and jury where entrapment is raised as a defense. *See United States v. Tate*, 554 F.2d 1341, 1344 (5th Cir.1977); *Pierce v. U.S.*, 414 F.2d 163 (5th Cir.1969).[1] Whether the defendant has presented evidence sufficient to raise the defense of entrapment is a question of law for the court. *U.S. v. Tate*, *supra*. *Tate* presented a situation strikingly similar to the case at hand. In that case the court instructed the jury that the defendant had the initial burden of presenting evidence of entrapment. This court reversed, holding that such an instruction "... erroneously permitted [the jury] to second-guess a ruling of law which the court already had made."

■ The government argues that this case is distinguishable from *Tate* because immediately preceding the erroneous instruction the trial court in this case instructed the jury that the government always bears the burden of proving the defendant's guilt. Furthermore, the government contends that any error in the instruction was cured when the trial court referred the jury to the court's initial instruction on entrapment.

---

\* Honorable Charles R. Butler, Jr., U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), this court adopted as binding precedent all decisions of the old Fifth Circuit rendered prior to October 1, 1981.

We find these arguments to be without merit. A review of the court's initial entrapment instruction reveals no mention of the burden of proof regarding this defense which might have alleviated the jury's confusion. Likewise, the court's instruction that the government always bears the burden of proof could not cure the erroneous instruction. The error in this case was just as egregious as the error in *Tate*, if not more so, because the erroneous instruction was given in answer to the jury's question. The jury was obviously confused as to the burden of proof, and in response the court incorrectly informed them that the defendant had the initial burden, leading the jury to believe that it could initially accept or reject the defendant's proof of entrapment. Consequently, the jury may never have reached the question properly before it, that is, whether the government met its burden on the issue of entrapment.

REVERSED.

COX, J., concurs in the result.